WELLS, J.,
concurring specially.
I concur in the adoption of the proposed rules. I write to state that I join in the change to rule 3.191(a) (Speedy Trial without Demand) only because it is necessary to conform the rule to this Court’s majority opinions. However, I continue to ad *201 here to my opinion expressed in State v. Williams, 791 So.2d 1088, 1092 (Fla.2001).
The majority’s decision in Williams, reinforcing Genden v. Fuller, 648 So.2d 1183 (Fla.1994), was against the expressed views of the unanimous district court panel in Williams v. State, 774 So.2d 23, 24 (Fla. 2d DCA 2000).
Moreover, I reiterate that making the speedy trial rule run from the time of arrest rather than from the time of filing of an indictment or information ignores the reality of the organization of law enforcement and state attorneys in this state. In another Williams case, Judge Sharp expressed this reality.
However, that does not work in this context. Williams was not charged with a crime, and the court process that should have alerted the state to commencement of the running of the speedy trial time did not get started. In such a case, the prosecutor and trial judge might never know of the running of the speedy trial time before it runs out. Williams was arrested shortly before the speedy trial time ran, based on his first arrest, but that need not be the case.
In effect, the speedy trial rule as interpreted by case law, has drastically shortened the statute of limitations for prosecution of crimes, and as such it has become the defendant’s best defense and ally. In my view, the rule needs redrafting and rewriting. I do not think the suggestion that police officers carry waivers of speedy trial time to be signed by persons arrested, and unarrested like Williams, is a good answer. That leads to messy questions, like lack of understanding of rights being waived, need for advice of counsel, etc.
Williams v. State, 757 So.2d 597, 601 (Fla. 5th DCA 2000) (Sharp, J., concurring specially).
CANTERO and BELL, JJ., concur.
APPENDIX
RULE 3.150. JOINDER OF OFFENSES AND DEFENDANTS
(a) Joinder of Offenses. Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.
(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information on which they are to be tried when:
(1) each defendant is charged with accountability for each offense charged;
(2) each defendant is charged with conspiracy and some of the defendants are also charged with 1 or more offenses alleged to have been committed in furtherance of the conspiracy; or
(3) even if conspiracy is not charged and all defendants are not charged in each count, it is alleged that the several offenses charged were part of a common scheme or plan.
Such defendants may be charged in 1 or more counts together or separately, and all of the defendants need not be charged in each count.
(c) Joint Representation. When 2 or more defendants have been jointly charged under rule 3.150(b) or have been joined for trial and are represented by the same attorney or by attorneys who are associated in the practice of law, the court shall, as soon as practicable, inquire into such joint representation and shall personally advise each defendant of the right to effective assistance of counsel, including separate representation. The court shall take such *202 measures as are necessary to protect each defendant’s right to counsel.
Committee Notes
1968 Adoption. (Notes are to rule 1.140(d)(4) and (5).)
(4) Joinder of Offenses. The essence of this proposal is presently found in section 906.25, Florida Statutes, federal rule 8(a), and section lll-4(a) of the 1963 Illinois Code of Criminal Procedure.
(5) Joinder of Defendants. This proposal is taken from federal rule 8(b). Its substance also appears in section 111 — 4(b) of the Illinois Code of Criminal Procedure. While section 906.25, Florida Statutes, does not expressly contain this provision, there is little doubt that its broad language includes it.
1972 Amendment. Provisions of former rule 3.150 are transferred to and incorporated in rule 3.130, Pretrial Release.
(a) Substantially the same as former rule 3.140(d)(4) except that it omits proviso that the court have jurisdiction to try all offenses charged. The proviso seems redundant.
(b) Substantially the same as ABA Standard 1.2 of ABA Standards Relating to Joinder and Severance but omits subpara-graph (c)(2) which would permit joinder of charges “so closely connected in respect to time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.” The ABA commentary on this standard concedes that in such cases the chances are considerable that defendants would have a right to severance. Difficulty of separating proof is a good reason for denying a right to join charges. The committee is of the opinion that defendants not connected in the commission of an act and not connected by conspiracy or by common scheme or plan should not, under any circumstances, be joined. The suggested rule omits the provision of former rule 3.140(d)(4) permitting joinder of 2 or more defendants in a single indictment or information, if they are alleged to have participated in the same series of acts or transactions constituting .more than 1 offense. If all defendants participated in a series- of connected acts or transactions constituting 2 or more offenses, the offenses can be joined under rule 3.150(a).
The last sentence of the suggested rule is the last sentence of former rule 3.140(d)(5).
2004 Amendment. This rule is intended to provide a uniform procedure for judges to follow when codefendants are represented by the same attorney, by the same law firm, or by attorneys who are associated in the practice of law. This provision is substantially derived from Rule 44, Fed. R.Crim.P. See also Larzelere v. State, 676 So.2d 394 (Fla.1996).
Court Commentary
2004 Amendment. Like Federal Rule of Criminal Procedure 44(c), new subdivision (c)does not specify the particular measures that the court must take to protect a defendant’s right to counsel. Because the measures that will best protect a defendant’s right to counsel can vary from case to case, this determination is left within the court’s discretion. One possible course of action is to advise the defendant of the possible conflict of interest that could arise from dual representation and to obtain a voluntary, knowing, and intelligent waiver of the right to obtain separate representation. See Larzelere v. State, 676 So.2d 394 (Fla.1996). Another option is to require separate representation. See Fed. R.Crim.P. 44(c) advisory committee notes 1979 amendment.
*203 RULE 3.191. SPEEDY TRIAL
(a) Speedy Trial without Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (f), every person charged with a crime by indictment-or information shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p). The time periods established by this subdivision shall commence when the person is taken into custody as defined under subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This subdivision shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b).
(b) Speedy Trial upon Demand. Except as otherwise provided by this rule, and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court a separate pleading entitled “Demand for Speedy Trial,” and serving a copy on the prosecuting authority.
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing in open court receipt of the demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold a calendar call on a demand that has been properly filed and served shall not interrupt the running of any time periods under this subdivision.
(4) If the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p).
(c) Commencement of Trial. A person shall be considered to have been brought to trial if the trial commences within the time herein provided. The trial is considered to have commenced when the trial jury panel for that specific trial is sworn for voir dire examination or, on waiver of a jury trial, when the trial proceedings begin before the judge.
(d) Custody. For purposes of this rule, a person is taken into custody
(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or
(2) when the person is served with a notice to appear in lieu of physical arrest.
(e) Prisoners outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person’s return is filed with the court and served on the prosecutor. For these persons, the time period under subdivision (a) commences on *204 the date the last act required under this subdivision occurs. For these persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur before the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing in this rule shall affect a prisoner’s right to speedy trial under law.
(f) Consolidation of Felony and Misdemeanor. When a felony and a misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.
(g) Demand for Speedy Trial; Accused Is Bound. A demand for speedy trial binds the accused and the state. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be considered a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken as invalid on motion of the prosecuting attorney. A demand may not be withdrawn by the accused except on order of the court, with consent of the state or on good cause shown. Good cause for continuances or delay on behalf of the accused thereafter shall not include non-readiness for trial, except as to matters that may arise after the demand for trial is filed and that reasonably could not have been anticipated by the accused or counsel for the accused. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this rule.
(h) Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial provided in this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.
(i) When Time May Be Extended. The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured. An extension may be procured by:
(1) stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced;
(2) written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in subdivision (l);
(8) written or recorded order of the court with good cause shown by the accused; or
(4) written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for appeals by the state, and for trial of other pending criminal charges against the accused.
(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion *205 for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under subdivision (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (3), or (4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
(k) Availability for Trial. A person is unavailable for trial if the person or the person’s counsel fails to attend a proceeding at which either’s presence is required by these rules, or the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged. No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term.
(l) Exceptional Circumstances. As permitted by subdivision (I) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. These circumstances include:
(1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(2) a showing by the state that the case is so unusual and so complex, because of the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(3) a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that materially will affect the trial;
(5) a showing that a delay is necessary to accommodate a codefendant, when there is reason not to sever the cases to proceed promptly with trial of the defendant; and
(6) a showing by the state that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
(m) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the state or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting *206 a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
(n) Discharge from Crime; Effect. Discharge from a crime under this rule shall operate to bar prosecution of the crime charged and of all other crimes on which trial has not commenced nor conviction obtained nor adjudication withheld and that were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
(o) Nolle Prosequi; Effect. The intent and effect of this rule shall not be avoided by the state by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
(p) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
(8) No later than 5 days from the date of the filing of a notice of expiration of . speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
Committee Notes
1972 Amendment. Same as prior rule. The schedule is omitted as being unnecessary.
1977 Amendment. An appeal by the state from an order dismissing the case constitutes an interlocutory' appeal and should be treated as such. The additional phrase removes any ambiguities in the existing rule.
1980 Amendment.
(a)(1). Spee'dy Trial without Demand.
1. Prisoners in Florida institutions are now treated like any other defendant [formerly (b)(1)].
2. Federal prisoners and prisoners outside Florida may claim the benefit of this subdivision once special prerequisites, are satisfied under (b)(1).
3. Before a court can discharge a defendant, the court must make complete inquiry to ensure that discharge is appropriate.
(a)(2). Speedy Trial upon Demand.
1. Trial cannot be scheduled within 5 days of the filing of the demand without the consent of both the state and the defendant.
2. Before a court can discharge a defendant, the court must make complete *207 inquiry to ensure that discharge is appropriate.
3. Prisoners in Florida are now treated like any other defendant [formerly (b)(2)],
4. Federal prisoners and prisoners outside Florida may claim the benefit of this subdivision once special prerequisites are satisfied under (b)(1).
(a)(3). Commencement of Trial.
1.Minor change in language to reflect case law.
(a)(4). Custody. [NEW]
1. Custody is defined in terms tantamount to arrest. This definition was formerly contained in (a)(1).
2. Where a notice to appear is served in lieu of arrest, custody results on the date the notice is served.
(b)(1). Prisoners outside Jurisdiction. [NEW]
1. Prisoners outside the jurisdiction of Florida may claim benefit under (a)(1) and (a)(2) after the prisoner returns to the jurisdiction of the court where the charge is pending and after the prisoner files and serves a notice of this fact.
2. As an alternative, certain prisoners may claim the benefit of sections 941.45-941.50, Florida Statutes (1979).
3. Former (b)(1) is repealed.
(b)(2). [NEW]
1. Where a misdemeanor and felony are consolidated for purposes of trial in circuit court, the misdemeanor is governed by the same time period applicable to the felony. To claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired.
2. Former (b)(2) is repealed.
(b)(3). Repealed and superseded by (b)(1).
(c). Demand for Speedy Trial.
1. The subdivision recognizes that an invalid (spurious) demand must be stricken.
2. The subdivision now puts a 5-day limit on the time when a defendant must be prepared.
(d)(1). Motion for Discharge.
1. Under the amended provision, a prematurely filed motion is invalid and may be stricken.
(d)(2). When Time May Be Extended.
1. The terms “waiver,” “tolling,” or “suspension” have no meaning within the context of the subdivision as amended. The subdivision addresses extensions for a specified period of time.
2. Except for stipulations, all extensions require an order of the court.
3. The term “recorded order” refers to stenographic recording and not recording of a written order by the clerk.
(d)(3). Delay and Continuances.
1. Even though the normal time limit has expired under (a)(1) or (a)(2), a trial court may not properly discharge a defendant without making a complete inquiry of possible reasons to deny discharge. If the court finds that the time period has been properly extended and the extension has not expired, the court must simply deny the motion. If the court finds that the delay is attributable to the accused, that the accused was unavailable for trial, or that the demand was invalid, the court *208 must deny the motion and schedule trial within 90 days. If the court has before it a valid motion for discharge and none of the above circumstances are present, the court must grant the motion.
(e). Availability for Trial.
1. Availability for trial is now defined solely in terms of required attendance and readiness for trial.
(f). Exceptional Circumstances.
1. The 2 extension limit for unavailable evidence has been discarded.
2. The new trial date paragraph was eliminated because it simply was unnecessary.
(g). Effect of Mistrial; Appeal; Order of New Trial.
1. Makes uniform a 90-day period within which a defendant must be brought to trial after a mistrial, order of new trial, or appeal by the state or defendant.
(h)(1). Discharge from Crime.
1. No change.
(h)(2). Nolle Prosequi.
1. No change.
1984 Amendment.
(a)(1). Repeals the remedy of automatic discharge from the crime and refers instead to the new subdivision on remedies.
(a)(2). Establishes the calendar call for the demand for speedy trial when filed. This provision, especially sought by prosecutors, brings the matter to the attention of both the court and the prosecution. The subdivision again repeals the automatic discharge for failure to meet the mandated time limit, referring to the new subdivision on remedies for the appropriate remedy.
(i). The intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
This subdivision provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15-day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time, period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 80 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
The committee further felt that it was not appropriate to extend the new remedy provisions to misdemeanors, but only to more serious offenses.
1992 Amendment. The purpose of the amendments is to gender neutralize the wording of the rule. In addition, the committee recommends the rule be amended to differentiate between 2 separate and distinct pleadings now referred to as “motion for discharge.” The initial “motion for discharge” has been renamed “notice of expiration of speedy trial time.”
*209 RULE 3.575. MOTION TO INTERVIEW JUROR
A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a .juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial .judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.
Court Commentary
2004 Amendment. This rule does not abrogate Rule Regulating The Florida Bar 4-3.5(d)(4), which allows an attorney to interview a juror to determine whether the verdict may be subject to legal challenge after filing a notice of intention to interview.
RULE 3.710. PRESENTENCE REPORT
(a) Cases In Which Court Has Discretion. In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the Department of Corrections for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.
(b) Capital Defendant Who Refuses To Present Mitigation Evidence. Should a defendant in a capital case choose not to challenge the death penalty and refuse to present mitigation evidence, the court shall refer the case to the Department of Corrections for the preparation of a presen-tence report. The report shall be comprehensive and should include information such as previous mental health problems (including hospitalizations), school records, and relevant family background.
Committee Notes
1972 Adoption. The rule provides for the utilization of a pre-sentence report as part of the sentencing process. While use of the report is discretionary in all cases, it is mandatory in two instances, the sentencing of a first felony offender and of a defendant under 18 years of age. Of course, no report is necessary where the specific sentence is mandatory, e.g., the sentence of death or life imprisonment in a verdict of first degree murder.
1988 Amendment. This amendment changes wording to conform with current responsibility of the Department of Corrections to prepare the presentence investigation and report.
2004 Amendment. The amendment adds subdivision (b). Section 948.015, Florida Statutes, is by its own terms inapplicable to those cases described in this new subdivision. Nonetheless, subdivision (b) requires a report that is “comprehensive.” Accordingly, the report should include, if reasonably available, in addition to those matters specifically listed in Muhammad v. State, 782 So.2d 343, 363 (Fla.2001), a description of the status of all of the *210 charges in the indictment as well as any other pending offenses; the defendant’s medical history; and those matters listed in sections 948.015(3)-(8) and (13), Florida Statutes. The Department of Corrections should not recommend a sentence.
Rule 3.800. Correction, Reduction, and Modification of Sentences
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
(1) Motion Before Appeal. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.
(A) This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evi-dentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied. _ A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(ef )(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the mov- *211 ant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(b)(5). If the state is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the state’s motion.
(B) The trial court shall resolve this motion in accordance with the procedures in subdivision (b)(1)(B).
(C) In accordance with Florida Rule of Appellate Procedure 9.140(ef )(6), the clerk of circuit court shall supplement the appellate record with the motion, the order, any-amended sentence, and, if designated, a transcript of any additional portion of the proceedings.
(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying cer-tiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
COMMITTEE NOTES
1968 Adoption. Same as sections 921.24 and 921.25, Florida Statutes. Similar to Federal Rule of Criminal Procedure 35.
1972 Amendment. Same as prior rule.
1977 Amendment. This amendment provides a uniform time within which a defendant may seek a reduction in sentence and excludes death and minimum mandatory sentences from its operation.
1980 Amendment. Permits the sentencing judge, within the 60-day time period, to modify as well as to reduce the sentence originally imposed. Such modification would permit the judge to impose, in the modification, any sentence which could have been imposed initially, including split sentence or probation. The trial judge may not, in such modification, increase the original sentence.
1996 Amendments. Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such a motion if it only involved a question of law.
2000 Amendment. The amendment to subdivision (a) is intended to conform the rule with State v. Mancino, 714 So.2d 429 (Fla.1998).
*212 COURT COMMENTARY
1999 Amendments. Rule 3.800(b) was substantially rewritten to accomplish the goals of the Criminal Appeal Reform Act of 1996 (Ch. 96-248, Laws of Fla.). As revised, this rule permits the filing of a motion during the initial stages of an appeal. A motion pursuant to this rule is needed only if the sentencing error has not been adequately preserved for review at an earlier time in the trial court.
The State may file a motion to correct a sentencing error pursuant to rule 3.800(b) only if the correction of that error will benefit the defendant or correct a scrivener’s error. This amendment is not intended to alter the substantive law of the State concerning whether a change to the defendant’s sentence violates the constitutional prohibition against double jeopardy. See, e.g., Cheshire v. State, 568 So.2d 908 (Fla. 1990); Goene v. State, 577 So.2d 1306, 1309 (Fla.1991); Troupe v. Rowe, 283 So.2d 857, 859 (Fla.1973).
A scrivener’s error in this context describes clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution. The term scrivener’s error refers to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error. See, e.g., Allen v. State, 739 So.2d 166 (Fla. 3rd DCA 1999) (correcting a “scrivener’s error” in the written order that adjudicated the appellant in contempt for “jailing polygraph exam”); Pressley v. State, 726 So.2d 403 (Fla. 2d DCA 1999) (correcting scrivener’s error in the sentencing documents that identified the defendant as a habitual offender when he was not sentenced as a habitual offender); Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999) (correcting scrivener’s error that resulted from the written sentence not identifying the defendant as a habitual offender although the court had orally pronounced a habitual offender sentence), review denied, 732 So.2d 328 (Fla.1999); McKee v. State, 712 So.2d 837 (Fla. 2d DCA 1998) (remanding for the trial court to determine whether a scrivener’s error occurred where the written order of probation imposed six years’ probation, which conflicted with the written sentence and the trial court minutes that reflected only five years’ probation had been imposed); Florczak v. State, 712 So.2d 467, 467 (Fla. 4th DCA 1998) (correcting a scrivener’s error in the judgment of conviction where the defendant was acquitted of grand theft but the written judgment stated otherwise); Stombaugh v. State, 704 So.2d 723, 725-26 (Fla. 5th DCA 1998) (finding a scrivener’s error occurred where the State had nol prossed a count of the information as part of plea bargain but the written sentence reflected that the defendant was sentenced under that count). But see Carridine v. State, 721 So.2d 818, 819 (Fla. 4th DCA 1998) (trial court’s failure to sign written reasons for imposing an upward departure sentence did not constitute a scrivener’s error that could be corrected nunc pro tunc by the trial court), and cases cited therein.
When a trial court determines that an evidentiary hearing is necessary to resolve a factual issue, it is possible that the court will need to utilize the entire 60-day period authorized by this rule. However, trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process. For purposes of this rule, sentencing errors include harmful errors in orders entered as a result of the sentencing process. This includes errors in orders of probation, orders of community control, cost and resti *213 tution orders, as well as errors within the sentence itself.
Rule 3.986 FORMS RELATED TO JUDGMENT AND SENTENCE
(a) Sufficiency of Forms. The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.
(b) Form for Judgment.
_ Probation Violator
_ Community Control Violator
_ Retrial
_ Resentence
In the Circuit Court,
_ Judicial Circuit, in and for
_ County, Florida
Division_
Case Number_
State of Florida
v.
Defendant
JUDGMENT
The defendant,_, being personally before this court represented by _, the attorney of record, and the state represented by_, and having
._ been tried and found guilty by jury/by court of the following crime(s)
_ entered a plea of guilty to the following crime(s)
_ entered a plea of nolo contendere to the following crime(s)
[[Image here]]
_ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).
_ and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty, regardless of adjudication, to attempts or offenses relating to sexual battery (ch. 794), lewd and lascivious conduct (ch. 800), or murder (s. 782.04), aggravated battery (s. 784.045), carjacking (s. 812.133), or home invasion1 robbery (s. 812.135), or any other offense specified in section 943.325, the defendant shall be required to submit blood specimens.
_ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.
DONE AND ORDERED in open court in _ County, Florida, on .... (date)....
*214 [[Image here]]
I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _, and that they were placed thereon by the defendant in my presence in open court this date.
Judge
(c) Form for Charges, Costs, and Fees.
In the Circuit Court,
___ Judicial Circuit, in and for
__ County, Florida
Division_
Case Number_
State of Florida
v.
Defendant
CHARGES/COSTS/FEES
The defendant is hereby ordered to pay the following sums if checked:
_ $50.00 pursuant to section 960.20, Florida Statutes (Crimes Compensation Trust Fund).
_ $3.00 as a court cost pursuant to section 943.25(3), Florida Statutes (Criminal Justice Trust Fund).
_ $2.00 as a court cost pursuant to section 943.25(13), Florida Statutes (Criminal Justice Education by Municipalities and Counties).
_ A fine in the sum of $_pur-suant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as part of a sentence to section 775.083, Florida Statutes, are to be recorded on the sentence page(s).)
_ $20.00 pursuant to section 939.015, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).
*215 _ A 10% surcharge in the sum of $_pursuant to section 775.0836, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).
_ A sum of $_pursuant to section 27.3455, Florida Statutes (Local Government Criminal Justice Trust Fund).
_ A sum of $_pursuant to section 939.01, Florida Statutes (Prosecution/Investigative Costs).
__ A sum of $_pursuant to section 27.56, Florida Statutes (Public Defender Fees).
_ Restitution in accordance with attached order.
._ $201 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).
_ Other
DONE AND ORDERED in open court in __ County, Florida, on .... (date)....
Judge
(d) Form for Sentencing.
Defendant_
Case Number_
OBTS Number_
SENTENCE
(As to Count_)
The defendant, being personally before this court, accompanied by the defendant’s attorney of record, _, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,
(Check one if applicable)
_ and the court having on .... (date).... deferred imposition of sentence until this date
_ and the court having previously entered a judgment in this case on -(date).... now resentences the defendant
_ and the court having placed the defendant on probation/community control and having subsequently revoked the defendant’s probation/community control
It Is The Sentence Of The Court That:
_ The defendant pay a fíne of $_, pursuant to section 775.083, Florida Statutes, plus $__ as the 5% surcharge required by section 960.25, Florida Statutes.
_ The defendant is hereby committed to the custody of the Department of Corrections.
_ The defendant is hereby committed to the custody of the Sheriff of _County, Florida.
___ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.
To Be Imprisoned (check one; unmarked sections are inapplicable):
_ For a term of natural life.
_ For a term of_
_ Said SENTENCE SUSPENDED for a period of _, subject to conditions set forth in this order.
If “split” sentence complete the appropriate paragraph '
_ Followed by a period of_ on probation/community control under the supervision of the Department of Corrections according to the terms *216 and conditions of supervision set forth in a separate order entered herein.
_ However, after serving a period of ._ imprisonment in _ the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of_ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.
In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.
SPECIAL PROVISIONS
(As to Count_)
By appropriate notation, the following provisions apply to the sentence imposed:
Mandatory/Minimum Provisions:
Firearm
_ It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.
Drug Trafficking
_ It is further ordered that the _mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.
Controlled Substance Within 1,000 Feet of School
_ It is further ordered that the 3-year minimum imprisonment provision of section 893.13(l)(e)l, Florida Statutes, is hereby imposed for the sentence specified in this count.
Habitual Felony Offender
_. The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.
Habitual Violent Felony Offender
_ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of_year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.
Law Enforcement Protection Act
_ It is further ordered that the defendant shall serve a minimum of_ years before release in accordance with section 775.0823, Florida Statutes.
Capital Offense
_ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.
Short-Barreled Rifle, Shotgun, Machine Gun
_ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count.
Continuing Criminal Enterprise
_ It is further ordered that the 25-year minimum sentence provisions of *217 section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.
Taking a Law Enforcement Officer’s Firearm
_ It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0875(1), Florida Statutes, is hereby imposed for the sentence specified in this count.
Other Provisions:
Retention of Jurisdiction
_ The court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statutes (1983).
Jail Credit
_ It is further ordered that the defendant shall be allowed a total of _days as credit for time incarcerated before imposition of this sentence.
CREDIT FOR TIME SERVED IN RE-SENTENCING AFTER VIOLATION OF PROBATION OR COMMUNITY CONTROL
_ It is further ordered that the defendant be allowed _ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/count__(Offenses committed before October 1,1989)
_ It is further ordered that the defendant be allowed _ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count_(Offenses committed between October 1, 1989, and December 31,1993)
_ The Court deems the unforfeited gain time previously awarded on the above case/count forfeited under section 948.06(6).
_ The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1)).
_ It is further ordered that the defendant be allowed _. days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/count_(Offenses committed on or after January 1, 1994)
Consecutive/Concurrent as to Other Counts
It is further ordered that the sentence imposed for this count shall run (check one) ___ consecutive to _ concurrent with the sentence set forth in count_of this case.
Consecutive/Concurrent as to Other Convictions
It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one)_consecutive to_ concurrent with (check one) the following:
._. any active sentence being served.
*218 [[Image here]]
In the event the above sentence is to the Department of Corrections, the Sheriff of _ County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.
The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant’s right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigen-cy-
In imposing the above sentence, the court further recommends _
[[Image here]]
(e) Form for Order of Probation.
In the_Court,
of_County, Florida
Case Number_
State of Florida v. Defendant
ORDER OF PROBATION
This cause coming on this day to be heard before me, and you, the defendant,
_, being now present before me, and you having (check one)
_ entered a plea of guilty to
_ entered a plea of nolo contendere to
_ been found guilty by jury verdict of
._ been found guilty by the court trying the' case without a jury of the offense(s) of_
SECTION 1: Judgment Of Guilt
_ The Court hereby adjudges you to be guilty of the above offense(s).
Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed on probation for a period of_under the supervision of the Department of Corrections, subject to Florida law.
SECTION 2: Order Withholding Adjudication
__ Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on probation for a period of _under the supervision of the Department of Corrections, subject to Florida law.
SECTION 3: Probation During Portion Of Sentence
It is hereby ordered and adjudged that you be
_ committed to the Department of Corrections
_ confined in the County Jail
for a term of _ with credit for _jail time. After you have served __ of the term you shall be placed on probation for a period of__ under *219 the supervision of the Department of Corrections, subject to Florida law.
_ confined in the County Jail
for a term of _ with credit for _jail time, as a special condition of probation. After you have served ___ of the term you shall be placed on probation for a period of_ under the supervision of the Department of Corrections, subject to Florida law.
It is further ordered that you shall comply with the following conditions of probation during the probationary period.
_confined in the County Jail
for a term of __ with credit for _jail time, as a special condition of probation.
It is further ordered that you shall comply with the following conditions of probation during the probationary period.
(1) Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of $_ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.
(4) You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.
(5) You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.
(6) You will not associate with any person engaged in any criminal activity.
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
(8) You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.
(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you.
(10) You will pay restitution, costs, and/or fees in accordance with the attached orders.
(11) You will report in person within 72 hours of your release from confinement to the probation office in _County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at
SPECIAL CONDITIONS
_ You must undergo a (drug/alcohol) evaluation and, if treatment is deemed necessary, you must successfully complete the treatment.
_ You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, *220 drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.
_ You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
_ You will not associate with__ during the period of probation.
_ You will not contact_during the period of probation.
__ You will attend and successfully complete an approved batterers’ intervention program.
__ Other_
(Use the space below for additional conditions as necessary)
You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.
It is further ordered that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)
It is further ordered that the clerk of this court file this order in the clerk’s office and provide certified copies of same to the officer for use in compliance with the requirements of law.
DONE AND ORDERED, on .... (date) .... Judge
I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.
.... (date).... Probationer_
Instructed by_
Original: Clerk of the Court
Certified Copies: Probationer
Florida Department of Corrections, Probation and Parole Services
(f) Form for Community Control.
In the_Court,
of_County, Florida
Case Number_
State of Florida v. Defendant
ORDER OF COMMUNITY CONTROL
This cause coming on this day to be heard before me, and you, the defendant, _., being now present before me, and you having (check one)
_ entered a plea of guilty to
_ entered a plea of nolo contendere to
_ been found guilty by jury verdict of
*221 [[Image here]]
SECTION 1: Judgment of Guilt
_ The court hereby adjudges you to be guilty of the above offense(s).
Now, therefore, it is ordered and adjudged that you be placed on community control for a period of_under the supervision of the Department of Corrections, subject to Florida law.
SECTION 2: Order Withholding Adjudication
_Now, therefore, it is ordered and adjudged that the adjudication of guilt is hereby withheld and that you be placed on Community Control for a period of _under the supervision of the Department of Corrections, subject to Florida law.
SECTION 3: Community Control During Portion Of Sentence
It is hereby ordered and adjudged that you be
_ committed to the Department of Corrections
_ confined in the County Jail
for a term of _ with credit for ___ jail time. After you have served _of the term, you shall be placed on community control for a period of ____ under the supervision of the Department of Corrections, subject to Florida law.
_ confined in the County Jail
for a term of ____ with credit for ___ jail time, as a special condition of community control.
It is further ordered that you shall comply with the following conditions of community control during the community control period.
(1) Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of $.__ per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer.
(4) You will not possess, carry, or own any firearm. You will not possess, carry, or own other weapons without first procuring the consent of your officer.
(5) You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your community control.
(6) You will not associate with any person engaged in any criminal activity.
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
(8) You will work diligently at a lawful occupation, advise your employer of your community control status, and support any dependents to the best of your ability as directed by your officer.
(9) You will promptly and truthfully answer all inquiries directed to you by the court or your officer and allow your officer to visit in your home, at *222 your employment site, or elsewhere, and you will comply with all instructions your officer may give you.
(10) You will report to your officer at least 4 times a week, or, if unemployed full time, daily.
(11) You will perform _ hours of public service work as directed by your officer.
(12) You will remain confined to your approved residence except for one half horn- before and after your approved employment, public service work, or any other special activities approved by your officer.
(13) You will pay restitution, costs, and/or fees in accordance with the attached orders.
(14) You will report in person within 72 hours of your release from confinement to the probation office in _County, Florida, unless otherwise instructed by your officer. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at
SPECIAL CONDITIONS
_ You must undergo a (drug/alcohol) evaluation and, if treatment is deemed necessary, you must successfully complete the treatment.
_ You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
_ You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.
._ You will not associate with_ during the period of community control.
._ You will not contact_during the period of community control.
_ You will maintain an hourly accounting of all your activities on a daily log which you will submit to your officer on request.
_ You will participate in self-improvement programs as determined by the court or your officer.
._ You will submit to electronic monitoring of your whereabouts as required by the Florida Department of Corrections.
_ You will attend and successfully complete an approved batterers’ intervention program.
_ Other_
[[Image here]]
(Use the space below for additional conditions as necessary)
You are hereby placed on notice that the court may at any time rescind or modify any of the conditions of your community control, or may extend the period of community control as authorized by law, or may discharge you from further supervision or return you to a program of regular probation supervision. If you violate any of the conditions and sanctions of your community control, you may be arrested, and the court may adjudicate you guilty if adjudication of guilt was withheld, revoke your community control, and impose any *223 sentence that it might have imposed before placing you on community control.
It is further ordered that when you have reported to your officer and have been instructed as to the conditions of community control, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)
It is further ordered that the clerk of this court file this order in the clerk’s office, and forthwith provide certified copies of same to the officer for use in compliance with the requirements of law.
[[Image here]]
I acknowledge receipt of a certified copy of this order. The conditions have been explained to me and I agree to abide by them.
.... (date).... Community control-ler_
Instructed by_
Original: Clerk of the Court
Certified Copies: Community Contro-lee
Florida Department of Corrections, Probation and Parole Services-
(g) Form for Restitution Order.
In the Circuit Court,
_ Judicial Circuit, in and for
_ County, Florida
Division_
Case Number_
State of Florida v. Defendant
RESTITUTION ORDER
By appropriate notation, the following provisions apply to the sentence imposed in this section:
_ Restitution is not ordered as it is not applicable.
_ Restitution is not ordered due to the financial resources of the defendant.
_ Restitution is not ordered due to
_ Due to the financial resources of the defendant, restitution of a portion of the damages is ordered as prescribed below.
_ Restitution is ordered as prescribed below.
_ Restitution is ordered for the following victim. (Victim refers to the aggrieved party, aggrieved party’s estate, or aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense. In lieu of the victim’s address and phone number, the address and phone number of the prosecuting attorney, victim’s attorney, or victim advocate may be used.)
Name of victim
Name of attorney or advocate if applicable
Address_
City, State, and Zip Code_
Phone Number_
_ The sum of $_ for medical and related services and devices relating to physical, psychiatric, and psychological care, including non-medical care and treatment rendered in accordance with a recognized method of healing.
__ The sum of $_ for necessary physical and occupational therapy and rehabilitation.
*224 _ The sum of $_to reimburse the victim for income lost as a result of the offense.
_ The sum of $_ for necessary funeral and related services if the offense resulted in bodily injury resulting in the death of the victim.
_ The sum of $_for damages resulting from the offense.
_ The sum of $_ for
It is further ordered that the defendant fulfill restitution obligations in the following manner:
_ Total monetary restitution is determined to be $_to be paid at a rate of $_ per (check one) _ month ___ week _ other (specify) _and is to be paid (check one) _ through the clerk of the circuit court,_to the victim’s designee, or _through the Department of Corrections, with an additional 4% fee of $_ for handling, processing, and forwarding the restitution to the victim(s).
._ For which sum let execution issue.
DONE AND ORDERED at _ County, Florida, on .... (date)....
Judge
Original: Clerk of the Court
Certified Copy: Victim
Committee Note
1980 Amendment. The proposed changes to rule 3.986 are housekeeping in nature. References to the Department of Offender Rehabilitation have been changed to Department of Corrections to reflect a legislative change. See section 20.315, Florida Statutes (Supp.1978). The reference to “hard labor” has been stricken as the courts have consistently held such a condition of sentence is not authorized by statute. See, e.g., McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975).
RULE 3.995. ORDER OF REVOCATION OF PROBATION/COMMUNITY CONTROL
Officer
Office Location
Judge/Division
In the Circuit/County Court, _ County, Florida
Case Number
State of Florida v. Defendant
ORDER OF REVOCATION OF PROBATION/COMMUNITY
CONTROL
THIS CAUSE, having been brought upon an affidavit of violation of probation/community control, and it appearing that the defendant was placed on probation/community control in accordance with the provisions of Chapter 948, Florida Statutes and, it further appearing that the defendant,
__ entered an admission to a material violation(s), or
__ after hearing has been found by the Court to be in material violation of the following conditions(s):
IT IS THEREFORE ORDERED AND ADJUDGED that the probation/community control of the defendant be revoked in accordance with Section 948.06, Florida Statutes.
*225 DONE AND ORDERED IN OPEN COURT, this day of
[[Image here]]